UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

YOHANNES KEBEDE,

      Plaintiff,

  v.

THE JOHNNY ROCKETS GROUP, INC.,
ET AL.,

      Defendants.

Case No. 2:05-cv-0006
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for voluntary dismissal without prejudice (Doc. # 18) filed by Plaintiff, a memorandum in opposition (Doc. # 19) filed by Defendants, and a reply memorandum filed by Plaintiff (Doc # 22). For the reasons that follow, the Court finds the motion well taken.

### I.  Background

Plaintiff, Yohannes Kebede, is a 54-year-old Ethiopian-American who worked as the General Manager of the Lennox Town Center Johnny Rockets restaurant from May 2001 until May 2004. In May 2004, Kebede received a complaint from a store employee about sexual harassment from an assistant manager. Kebede reported this complaint to Human Resources and to his supervisor. Defendants initiated an investigation into the allegations. On May 27, 2004, Kebede's employment with Defendant Johnny Rockets was terminated. Kebede claims that the termination was in retaliation for his report of the sexual harassment claims. He was replaced by a non-Ethiopian-American who was under the age of forty.

In November 2004, Kebede brought suit in the Franklin County Court of Common Pleas,

1

alleging wrongful retaliatory discharge under Ohio Rev. Code § 4112.02, age discrimination and wrongful termination under Ohio Rev. Code §§ 4112.02 and 4112.14, and discrimination on the basis of national origin under Ohio Rev. Code § 4112.02. Defendants removed the case to this Court in January 2005. (Doc. # 1.) On July 15, 2005, Kebede filed a motion to dismiss without prejudice. (Doc. # 18.) Defendants oppose the motion, requesting that the Court either deny the motion to dismiss or, alternatively, condition the dismissal upon Kebede's payment of Defendants' attorneys' fees and costs. The motion is now ripe for decision.

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 41(a)(2) provides for a court-ordered voluntary dismissal of an action at a plaintiff's request and states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). The Court has discretion to impose conditions upon a voluntary dismissal without prejudice. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000).

Whether a trial court should permit a plaintiff to dismiss a case without prejudice involves determining whether a "without prejudice" dismissal would cause a defendant to suffer plain legal prejudice. *Perkins v. MBNA America*, 43 Fed. Appx. 901, 902 (6th Cir. 2002); *Jones v. Lemke*, 178 F.3d 1294, 1999 WL 107984, at *2 (6th Cir. 1994) (unpublished table decision); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In order to determine whether a defendant will suffer plain legal prejudice, a court should consider four factors: (1) the

defendant's effort and expense of preparation of trial; (2) any excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) the sufficiency of the plaintiff's explanation for the need of the dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 Fed. Appx. 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718). A court does not need to resolve every factor in favor of the moving party to find that dismissal without prejudice is warranted. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). Rather, the factors are more of a guide and discretion ultimately rests with the trial court. *Id.*

### B. Analysis

As noted, Defendants oppose Kebede's motion to dismiss without prejudice. Should the Court be inclined to grant such a dismissal, however, they seek that said dismissal include the payment of their attorneys' fees and costs. Alternatively, in lieu of a dismissal, Defendant suggest that the Court extend all case deadlines by six months. None of these points are persuasive.

The first factor the Court must consider is Defendants' trial preparation efforts. This action has been in federal court since January 5, 2005. The deadline for discovery is not until October 31, 2005, and the trial date is not until June 26, 2006. Defendants have engaged in only some limited discovery consisting of initial disclosures and interrogatories served upon Kebede, as well as one deposition of Kebede. Additional discovery has been delayed because Kebede has been unable to find certain documents and, in his case, he is unable to afford the expert witness' retainer fee. Defendants argue that they have accumulated $20,000 in legal fees thus far in this action and that dismissing the case would impose unnecessary additional costs upon them should

3

Kebede re-file his case in the future.  This contention minimizes the fact that the discovery and other preparations done so far can be used in any subsequent litigation should Kebede choose to re-file his claims.

The second factor the Court must consider is whether Kebede has engaged in dilatory conduct evincing a lack of diligence in prosecuting this action.  This factor is more evenly weighted.  But although the discovery delays are attributed to Kebede, the delays do not appear to have been caused by a lack of diligence.  Rather, Kebede cites his inability to afford the various fees associated with the action because he was unemployed for several months after his termination from the restaurant.  The action was further delayed in part by the admissions of both Kebede's wife and Kebede's lawyer to the hospital during the course of the action.  These delays do not demonstrate a lack of diligence on the part of Kebede.  But, the Court also notes that Defendants now complain about delays associated with extensions to which they agreed. Although the Court recognizes that such conduct reflects professional courtesy, the Court also recognizes to a qualified degree that said agreement mitigates labeling the delays excessive.

The third factor in the Court's analysis supports a dismissal without prejudice.  Kebede's explanation for seeking a dismissal is that he is financially unable to continue the action at this point because of his prior unemployment and his wife's medical issues.  The Court finds this to be a sufficient explanation for his motion because Kebede cannot be expected to pursue a legal action without the ability to hire expert witnesses or to pay his attorneys' fees.

Finally, the fourth factor to be considered also favors a dismissal without prejudice. Defendants have not filed a motion for summary judgment in this action.  The only significant motion filed in this action is the current motion to dismiss.  In fact, the deadline for dispositive

motions is not until November 30, 2005.

In light of the foregoing factors, the Court cannot say that a without prejudice dismissal would present plain legal prejudice against Defendants.[1]  Defendants suggest as an alternative to such a dismissal that the Court consider extending case management deadlines by six months. Kebede argues that he cannot guarantee that the circumstances impeding his ability to continue the case at this time will not exist in six months.  An extension of six months may therefore result in the accrual of unnecessary costs and fees to the parties.  Kebede's potential inability to continue the case at that time would risk prejudice to Defendants.  Therefore, the Court denies Defendants' request to extend the case deadlines by six months.

Although the Court is cognizant of Defendants' interests, Defendants have not proffered a sufficient justification for this Court to deny Plaintiff's motion.  *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court

---

[1] In contrast, other cases have presented facts necessitating a denial of a Rule 41(a)(2) motion to dismiss.  For example, the Sixth Circuit in *Maldonado* held that the district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal because discovery was closed, the plaintiff waited until after defendants moved for judgment on the pleadings to file his motion, and plaintiff's explanation of his need for the dismissal was convoluted.  65 Fed. Appx. at 957.  Furthermore, the plaintiff acted in bad faith during the discovery process.  *Id.*  In applying the four factors, the district court found that granting plaintiff's voluntary dismissal was not warranted.

Similarly, in *Fawns v. Ratcliff*, 117 F.3d 1420, 1997 WL 377025 (6th Cir. 1997) (unpublished table decision), the district court denied the plaintiff's motion to dismiss because of the significant time and effort that had been expended by the parties.  *Id.* at *3.  Certain claims had already been dismissed, the discovery deadline was two weeks away, and the trial was only four months away.  *Id.*  The plaintiff also failed to offer any explanation for the need for dismissal.  *Id.*  For these reasons, the court found that the defendant would suffer prejudice if the case were to be dismissed, and therefore, denied the plaintiff's motion.  *Id.*

Unlike the plaintiffs in *Moldonado* and *Fawns*, Kebede has acted in good faith in pursuing his claims against Defendants, discovery is not closed, Defendants have not filed a motion for summary judgment, and Plaintiff's explanation for the voluntary dismissal is sufficient.

5

should keep in mind the interests of the defendant, for it is his position which should be protected. Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm"; citation omitted). Thus, for the foregoing reasons, the Court finds that Kebede's motion for dismissal without prejudice is meritorious. The extant question then becomes whether the dismissal without prejudice warrants the attachment of conditions.

As noted, Defendants suggest one condition the Court should impose if the action is dismissed without prejudice; they propose that Kebede should pay their attorneys' fees and costs, which total $20,000. If a court decides to impose such a condition on a voluntary dismissal, a notice to the moving party of the court's intent to do so is required. This is because a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) "'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms." *August Stork KG,* 1996 WL 634116, at *5 (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994)) (giving 14 days to withdraw the motion); *see also Duffy*, 218 F.3d at 634; (holding that the district court abused its discretion by not giving plaintiffs notice and opportunity to withdraw motion before imposing conditions on dismissal); *U.S. v. One Tract of Real Prop.*, 95 F.3d 422, 425-26 (6th Cir. 1996) (holding that the district court abused its discretion when the court did not give plaintiff an opportunity to withdraw the motion before the court dismissed with prejudice, rather than without prejudice). *But see Broadcast Music*, 1984 WL 2130, at *1 (stating that a conditional dismissal should not be contingent upon the acceptance by plaintiff of certain terms and conditions).

It is true that courts can impose defense costs when they grant voluntary dismissals without prejudice. *See* e.g., *Massey v. Ferndale*, No. 96-1386, 1997 WL 330652, at *3 (6th Cir.

6

June 16, 1997) (unpublished table decision); *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996). Imposing costs as a condition to voluntary dismissal is in fact "usually considered necessary for the protection of the defendant." *Puerto Rico*, 668 F.2d at 51. However, defense costs are not required as a matter of law and "no circuit court has held that such costs are mandatory." *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (citing *Stevedoring Servs. of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

One purpose of conditioning a dismissal without prejudice upon payment of attorney's fees and costs is to protect Defendants from prejudice resulting from Kebede's actions. *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. July 22, 1992) (unpublished table decision). Another purpose would be to sanction vexatious conduct on the part of Kebede. *Id.* When such a condition is attached to a grant of dismissal without prejudice, the court "should award only those fees representing legal work that could not be used in subsequent litigation on the same claims." *Id.*

In the present action, Defendants' attorneys' fees have accrued, at least in part, from serving interrogatories upon Kebede and from deposing Kebede. Defendants argue that their efforts in conducting these processes will have to be duplicated if Kebede chooses to re-file this action. This is an overstatement because, as Defendants concede, they will be able to use the information obtained results of these processes in any subsequent litigation. The Court acknowledges that although supplemental discovery will be necessary, duplication of the interrogatories and the deposition will not be necessary. Indeed, while Defendants argue that they "would be required to supplement all discovery that has already been obtained," (doc. # 19,

7

at 9), the Court notes that, to date, discovery has resulted in only one set of interrogatories and one deposition. Because Defendants could use this evidence in a subsequent action, their costs were not necessarily wasted. The Court should award attorneys' fees and costs only if necessary to protect Defendants, not to punish Kebede.

Similarly, attorneys' fees are not warranted in this case to protect Defendants from any vexatious conduct of Kebede. Vexatious conduct has been found where a plaintiff has filed frivolous actions, committed perjury, or entered or maintained an action in bad faith. *Blue v. United States Dep't of Army*, 914 F.2d 525, 532 (4th Cir. 1990). The present action is not frivolous, as Kebede alleges facts that if true could arguably support a claim of discrimination under Ohio Rev. Code § 4112.02. Additionally, Kebede has not committed perjury, and there is no evidence that he has maintained the action in bad faith. Accordingly, the Court concludes that a condition imposing an award of attorneys' fees is not warranted here.

### III. Conclusion

The Court **GRANTS** Kebede's motion and dismisses his claims without prejudice. (Doc. # 34.) The Clerk shall accordingly terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

                                        /s/  Gregory L. Frost
                                        GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE